UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| BENJAMIN JAMES O'DONNELL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 5:03-cv-72 |
| | ) | |
| v. | ) | Honorable Wendell A. Miles |
| | ) | |
| DAVID GUNDY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR BOND
## PENDING HABEAS CORPUS PROCEEDINGS

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254.  In 1994, Petitioner was convicted by a Calhoun County jury of armed robbery, three counts of assault with intent to commit murder, four counts of felony-firearm, and carrying a concealed weapon, for which he was sentenced to concurrent terms of 20 to 40 years (robbery), 25 to 50 years (each assault count), 3 ½ to 5 years (concealed weapon), to be served consecutively to four concurrent 2-year terms for the felony-firearm convictions  Presently before the Court is Petitioner's motion for bond, pending decision of this habeas corpus matter (docket #24).

The ability of a habeas petitioner to seek bond before adjudication of his habeas corpus claim is not firmly established in this circuit.  In *Sizemore v. District Court*, 735 F.2d 204 (6th Cir. 1984), the Court of Appeals disapproved release of a habeas petitioner prior to a determination of the merits of the petition.  The court indicated that the district court may release a petitioner on bail "upon *granting* the writ."  735 F.2d at 208 (emphasis in original).  In a later case, *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990), the Court of Appeals recognized situations in which the district

court may grant bail pending a decision on the merits of a habeas corpus petition.  The *Dotson* court indicated, however, that the power to release petitioner on bond must be exercised sparingly and only in the presence of exceptional circumstances.  *Id.* at 79.  In light of this more recent pronouncement of the Court of Appeals, this Court concludes that release of a habeas petitioner before adjudication of the petition is available in this circuit, but only in exceptional circumstances.

Under *Dotson*, the prisoner seeking release on bond "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some 'circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice.'"  900 F.2d at 79 (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers)).  The habeas petitioner, who is incarcerated under a presumptively valid criminal conviction, is on a much weaker footing than a pretrial accused or even a convicted defendant waiting appeal.  *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978).

Applying the two-prong test in *Dotson*, this Court finds neither a substantial claim on the merits of the petition nor exceptional circumstances deserving special treatment in the interest of justice.  Petitioner's motion states no substantial basis for the extraordinary relief he seeks.  His claims have been reviewed and rejected in the state appellate courts, and Petitioner has not clearly demonstrated that their disposition of these claims was contrary to federal law or was an unreasonable determination of the law or facts.  28 U.S.C. § 2254(d).  Relief, if any, must await review of the state record.  Accordingly:

IT IS ORDERED that Petitioner's motion for bond (docket #24) is DENIED.


Dated:  May 26, 2006                                    /s/ Wendell A. Miles
                                                        Wendell A. Miles
                                                        Senior United States District Judge

- 2 -