UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN JAMES O'DONNELL,

        Petitioner,                  Case No. 5:03-cv-72

v.                                        Honorable Wendell A. Miles

DAVID GUNDY,

        Respondent.
_____/

## ORDER REGARDING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On March 7, 2007, the Court entered an opinion and order dismissing the petition. The order of dismissal followed the Court's *de novo* review of Petitioner's objections to the report and recommendation of the magistrate judge. Petitioner has now filed a notice of appeal, a motion for leave to proceed *in forma pauperis* on appeal (docket #64) and a motion for certificate of appealability (docket #62).

Sixth Circuit Internal Operating Procedure 5.1 provides that a $450.00 docketing fee and a $5.00 filing fee must be paid to the district court when a notice of appeal is filed. A prisoner who is unable to pay the required filing fees may seek leave to appeal in a § 2254 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner has complied with Rule 24(a), which requires him to file a motion for leave to proceed *in forma pauperis* and an affidavit showing his inability to file the required fees (as prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a

statement of the issue he intends to present on appeal. The documents show that Petitioner is unable to pay the filing and docket fees required for an appeal. In light of his indigence, Petitioner may proceed *in forma pauperis* on appeal without pre-paying or giving security for fees and costs. FED. R. APP. P. 24(a)(2). Therefore, Petitioner is not required to pay the $455.00 fee for filing an appeal. *See Kincade*, 117 F.33d at 951 (holding that 28 U.S.C. § 1915(b) provides that the fee provisions of the Prison Litigation Reform Act of 1995 do not apply to an appeal from a decision on an application for habeas relief.)[1]

The Court also must decide whether to grant Petitioner a certificate of appealability. Under the amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The filing of a notice of appeal that does not specify the issues that petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

---

[1] This Court notes that pursuant to 28 U.S.C. § 2254 and Rule 24(a)(3) of the Federal Rules of Appellate Procedure, it is not required to address whether the instant appeal is taken in good faith because Petitioner did not proceed *in forma pauperis* in the district court. *See* 28 U.S.C. § 2254; FED. R. APP. P. 24(a)(3).

or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court has already rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Effective Death Penalty Act. Petitioner has not pointed to any flaw in the Court's reasoning or any issue of fact or law overlooked in the adjudication of his petition. The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability. Therefore, the Court denies Petitioner a certificate of appealability. Accordingly:

IT IS ORDERED that Petitioner's motion for leave to proceed *in forma pauperis* on appeal (docket #64) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's motion for certificate of appealability (docket #62) is DENIED.

Dated: May 30, 2007       /s/ Wendell A. Miles
                          Wendell A. Miles
                          Senior United States District Judge